UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------x
THERESA FAITAK,

                Plaintiff,

    v.

AVAX PROPERTY ASSOCIATES, LLC,   No: 11 CV 6115-NGG-CLP

DOUGLASTON REALTY
MANAGEMENT CORPORATION,

METRO MANAGEMENT
DEVELOPMENT, INC.

                Defendants.

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

------------------------------x

    Plaintiff Theresa Faitak ("Plaintiff") respectfully submits this memorandum of law in further support of Plaintiff's motion for leave to file Plaintiff's Proposed Amended Complaint and Jury Demand, served upon all defendants on August 20, 2012 ("Proposed Amended Complaint").

### REPLY ARGUMENT

    In its opposition, Defendant Metro Management Development, Inc. ("Metro") asserts that Plaintiff's Motion for Leave to Amend should be denied because the addition of causes of action alleging Negligence and Negligence *Per Se* should be considered futile. As cited by Metro, "[a]n amendment is considered futile if the amended pleading fails to state a claim or would be subject to a successful motion to dismiss on some other basis." *Rachman v. Liberty Mut. Inc. Co.*, 46 F.3d 230, 234 (2d. Cir. 1995). Metro argues that these new claims should be considered

futile because "in order to hold a managing agent liable in a case such as the instant one, the managing agent must have complete and exclusive control of the management and operation of the building." Opp. at 4. Metro bases its argument on the individual and/or collective responsibilities for management of Plaintiff's Building ("the Building") alleged in Plaintiff's Proposed Amended Complaint, arguing that the mere allegation of responsibility to more than one defendant should preclude *all* theories under which Metro could owe a duty to Plaintiff. Metro does not, however, address the myriad of means by which Plaintiff has actually alleged that Metro owed and breached duties to Plaintiff.

Metro's argument that Plaintiff's amendments regarding claims for Negligence and Negligence *Per Se* are futile fails for multiple reasons. *First*, Metro has not demonstrated that there remain no issues of material fact to be determined through discovery regarding Metro's responsibility and control, as would be required to prevail on the motion to dismiss standard required to deny additional claims as futile. *Second*, the cases cited by Metro to argue that Metro could not have owed a duty to Plaintiff are all factually distinguishable and target but one theory under which Metro may have owed a duty to Plaintiff. Metro does not address the many other allegations regarding breached duties by Metro that would also cause Plaintiff's claims for Negligence and Negligence *Per Se* to survive a motion to dismiss.

   **I. THE RESPONSIBILITY AND CONTROL OF METRO IS A QUESTION OF FACT THAT WOULD NOT BE DEFEATED BY A MOTION TO DISMISS**

As a threshold matter, even if Metro's argument, that Metro did not have enough control over management of the Building to owe Plaintiff a duty, would actually be sufficient to defeat all claims for negligence against Metro, the sections of Plaintiff's Proposed Amended Complaint cited by Metro do not affirmatively state that Metro did not have control sufficient to owe a duty to Plaintiff. Although Metro's argument regarding lack of complete control over a Building is a

very narrow premise for dismissing *all* theories of negligence, even this theory requires a factual determination not resolved by Plaintiff's allegations and not timely when evaluating new claims at this stage in the action.

The Federal Rules of Civil Procedure permit pleading in the alternative, and a plaintiff may plead two or more statements of a claim even if the statements may be considered inconsistent. Fed. R. C. P. 8(d)(2); *Henry v. Daytop VIII., Inc.*, 42 F.3d 89, 95 (2d Cir. 1994). Plaintiff's allegations that "Defendants, *individually and/or collectively*, own and/or control the operation and management of the building in which Ms. Faitak's Apartment is located" (emphasis added) and other statements alleging management of the Building common areas, elevator and Building interior and exterior, are therefore sufficient to reach the determination that Metro had enough control over these areas to owe a duty to Plaintiff, even under Metro's narrow argument against negligence liability.

Although Plaintiff does not agree that responsibilities controlled or shared by other defendants would defeat a claim of negligence against Metro as managing agent of the Building, defenses related to responsibilities of these other defendants would not defeat Plaintiff's negligence causes of action even if this argument were to be upheld. Plaintiff's allegations are sufficient to support a factual determination of exclusive control by Metro, and potential inconsistency with other allegations is irrelevant under the Federal Rules. Notably, all decisions cited by Metro in support of its argument for dismissal were made at the summary judgment stage, after discovery had conclusively and indisputably determined the extent of responsibility by defendants. In contrast, all allegations at this stage must be accepted as true when evaluating possible futility under the 12(b)(6) motion to dismiss standard, and Metro's lone opposition argument for lack of duty by Metro is inappropriate and premature. *See Dougherty v. Town of N.*

*Hempstead Bd. of Zoning Appeals,* 282 F.3d 83, 88 (2d Cir. 2002) (when making a motion to dismiss analysis for failure to state claim, a court should "dismiss a claim only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle [the plaintiff] to relief").

      II.     **THE AUTHORITY CITED BY METRO IS DISTINGUISHABLE FROM THE FACTS AND THEORIES OF NEGLIGENCE ALLEGED BY PLAINTIFF**

Even if this court determines that Metro's argument regarding its lack of sufficient control over the Building is not premature at this stage of the action, the authority cited by Metro still does not support dismissal of Plaintiff's Negligence and Negligence *Per Se* claims. In addition to being decided at the summary judgment stage, as noted above, the cases supporting the defense that a managing agent must have "complete and exclusive control of the management and operation of the building" to be held liable for negligence are distinguishable from the facts in the Proposed Amended Complaint and do not prove insufficiency of control by Metro the context of this action. Further, these cases all require exclusive control by a management agent only under the theory of negligent *nonfeasance* in the management of a building and do not address the many distinct theories alleged by Plaintiff regarding duties negligently breached by Metro.

      A.  **The cases cited as authority by Metro are factually distinguishable**

Plaintiff's Proposed Amended Complaint alleges that Metro not only managed the common areas of the interior and exterior of Plaintiff's Building, it also alleges that Metro managed repairs to the elevator which prevented Plaintiff from exiting or entering her apartment. Proposed Amended Complaint ¶¶ 11, 13-14. The Proposed Amended Complaint further alleges that at least one agent of Metro affirmatively disallowed measures that could have permitted

Plaintiff to exit and enter her apartment during the repair period and that Metro oversaw repairs on the outside of Ms. Faitak's apartment that further polluted her living area during her confinement.  Proposed Amended Complaint ¶¶ 14, 30, 33.  These allegations note specific responsibilities connected to Plaintiff's damages and are factually distinguishable from the cases cited by Metro to allege that Plaintiff's claims are futile.

*Stanbury v. Czuchuwicz*, the first case cited by Metro for this defense, granted summary judgment to a defendant who had no interest in the building at issue and did not take part in the building's everyday management.  *Stanbury*, 808 N.Y.S.2d 920, 9 Misc. 3d 1117A, 2005 N.Y.Misc. LEXIS 2215, 2005 N.Y.Slip O. 51616U, 236 N.Y.L.J. 76 (2005).  The defendant was in the case simply because correspondence to the building's management company, which was operated by his daughter and son-in-law, was sent to his home address due to it being used as the business address for the company.  *Id.*  This defendant's complete lack of involvement in the operations of the building does not compare to Metro's responsibilities covering the Building in which Plaintiff resides and its role in the shutdown of its elevator.

As in *Stanbury*, *Hagen v. Gilman Management Corp.* involved summary judgment on a slip-and-fall claim that hinged on negligent maintenance of the entire building premises.  *Hagen*, 4 A.D.2d 330, 770 N.Y.S.2d 890 (2d Dept. 2004). As the ownership of the building had expressly reserved a "significant amount of control over maintenance of premises," the management company defendant could not be found liable.  *Id.*  *Ioannidou v. Square Plus Operating Corps.*, also cited by Metro, involved similar facts.  *Ioannidou*, 203 A.D.2d 248, 610 N.Y.S.2d 277 (2d Dept. 1994).  These circumstances, which required an affirmative factual determination about rights and responsibilities of the various parties, do not compare to damages caused by repairs actively implemented by the management company.

Finally, the individual defendant in *Felder v. R&K Realty* was granted summary judgment based largely on the fact that he was acting "only as an officer" of the managing corporation, and therefore could not be liable individually. *Felder*, 295 A.D.2d 560 (2d Dept. 2002). This issue is plainly not present in this action.

### B. The authority cited by Metro does not address theories of negligence beyond circumstances of mere nonfeasance in the management of a building

In addition to citing to cases factually inconsistent with the circumstances in this action, Metro fails to articulate a defense for any bases of negligence beyond mere negligent nonfeasance in maintaining the conditions in a building. All other alleged duties, particularly duties based on affirmative acts, are unaddressed and left unchallenged by Metro.

New York law distinguishes between negligence arising from "mere nonfeasance" and negligence caused by "affirmative acts of negligence." *See German v. Bronx United In Leveraging Dollars, Inc.*, 258 A.D. 251, 252-53 (1st Dept. 1999); *Genen v. Metro-North RR*, 261 A.D.2d 211, 213 (1st Dept. 1999) (distinguishing between nonfeasance and affirmative acts giving rise to a dangerous condition). In denying defendant's motion for summary judgment in *German*, where the defendant also argued that it could not be held liable as managing agent because it did not exercise "complete and exclusive control over the management of the building," the court noted that "plaintiffs allege more than mere nonfeasance, but also affirmative acts of negligence…." *German*, 684 N.Y.S. at 542. The court also noted that the defendant's duties specifically included management of the problem that gave rise to the plaintiff's injuries. *Id.* *German* demonstrates that the defense of nonexclusive control is inadequate to defend claims of negligence based on the well-pled affirmative acts that prevented

6

Plaintiff from exiting her apartment during the extended period of elevator repairs and directly contributed to her injuries.

Metro's asserted defense against nonfeasance also does not defend against other duties alleged by Plaintiff to have been negligently breached by Metro. Plaintiff's Proposed Amended Complaint alleges that Metro is liable due to breach of the duty owed by a landlord for failing to exercise reasonable care to repair a condition in violation of an implied warranty of habitability or a duty created by statute or administrative regulation (Restatement (Second) of Property: Landlord & Tenant § 17.6). Proposed Amended Complaint ¶ 87. Plaintiff further alleges that Metro is also liable for the negligent performance of undertaking to render services (Restatement (Second) of Torts § 323) and for negligently causing harm to a lessee by creating an unreasonable risk resulting from repairs (Restatement (Second) of Torts § 357). Proposed Amended Complaint ¶ 87. Metro makes no mention whatsoever in its opposition regarding the breach of statutory duties alleged by Plaintiff to give rise to Plaintiff's Negligence *Per Se* cause of action. These grounds for negligence are unaddressed by Metro and therefore cannot be determined to be futile.

Plaintiff's defense against negligent nonfeasance by a managing agent does not defend against all possible theories of negligence and distinct duties breached by Metro. In a case where multiple parties are alleged to have had responsibilities to Plaintiff concerning the management of her residence, the fact there was not one single party completely responsible for all management activity does not preclude responsibility against all defendants. The application of such a defense would bar recourse against negligent damage to a Plaintiff in any case in which more than one party had responsibilities related to that Plaintiff's building, which would be contrary to public policy and is not supported by New York law. The defense of nonexclusive

7

control by a managing agent, applied only under narrow factual circumstances to defend against negligent nonfeasance, therefore does not properly defend against all of the claims against Metro in Plaintiff's Proposed Amended Complaint, just as it would not defend against all claims against other defendants. Plaintiff's opposition, which relies on this defense exclusively, is inadequate to defeat the addition of these claims on futility grounds.

## CONCLUSION

Plaintiff's claims for Negligence and Negligence *Per Se* would not be futile as pled, and Plaintiff respectfully requests that she be granted leave to file the Proposed Amended Complaint.

Dated: October 1, 2012
New York, NY

> Respectfully submitted,
> MAYER BROWN LLP
>
> By: /s/ Charles S. Korschun
> HENNINGER S. BULLOCK
> hbullock@mayerbrown.com
> 1675 Broadway
> New York, NY 10019
> (212) 506-2528
> (212) 262-5528
> CHARLES S. KORSCHUN
> ckorschun@mayerbrown.com
> 1675 Broadway
> New York, NY 10019
> (212) 506-2533
> (212) 849-5533
>
> *Attorneys for Plaintiff Theresa Faitak*

To:    James A. Rose
Sanjay Nair
CERTILMAN BALIN ADLER & HYMAN, LLP
Financial Center at Mitchell Field
90 Merrick Avenue
East Meadow, NY 11554
516-296-7000
jrose@certilmanbalin.com
*Attorneys for Defendant Avax Property Associates, LLC*

Marie Ann Hoenings
Nicole Felder
L'ABBATE, BALKAN, COLAVITA & CONTINI, L.L.P.
1050 Franklin Avenue
Garden City, NY 11530
516-294-8202
mhoenings@lbcclaw.com
*Attorneys for Defendant Douglaston Realty Management Corporation*

Melissa L. Morais
WINGET, SPADAFORA & SCHWARTZBERG, LLP
45 Broadway
New York, NY 10006
212-221-6989
Morais.m@wssllp.com

*Attorneys for Defendants Metro Management Development, Inc.*