UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x   Case No.: 11-CV-06115-NGG-CLP
THERESA FAITAK,

        Plaintiff,     **AMENDED ANSWER TO**
               **AMENDED COMPLAINT,**
  -against-          **AFFIRMATIVE DEFENSES**
               **AND CROSS-CLAIMS**

AVAX PROPERTY ASSOCIATES, LLC,
DOUGLASTON REALTY MANAGEMENT
CORPORATION and METRO MANAGEMENT
DEVELOPMENT, INC., and 59-11 QUEENS
BOULEVARD OWNERS, INC.,

        Defendants.
-----------------------------------------------------------x

    Defendant Avax Property Associates, LLC, ("Defendant") by its attorneys Certilman Balin Adler & Hyman, LLP as and for its amended answer to Plaintiff's ("Plaintiff") Amended Complaint and Jury Demand dated November 7, 2012 (the "Complaint"), with affirmative defenses and cross-claims, sets forth the following:

    1.  Defendant denies the truth of the allegations set forth in paragraph "1" of the Complaint, except admits that Plaintiff purports to seek monetary damages and affirmative relief pursuant to the Federal Fair Housing Act, New York City Human Rights Law, and New York State Human Rights Law, but denies that Plaintiff is entitled to such relief.

    2.  Defendant denies the truth of the allegations set for in paragraph "2" of the Complaint.

### AS AND FOR AN ANSWER TO THE SECTION TITLED "JURISDICTION AND VENUE"

    3.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the Complaint, except admits that Plaintiff purports to invoke this court's jurisdiction.

1

4. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the Complaint, except admits that Plaintiff's assertion of venue is based on 28 U.S.C. §1391(b).

### AS AND FOR AN ANSWER TO THE SECTION TITLED "JURY DEMAND"

5. Defendant denies the truth of the allegations set forth in paragraph "5" of the Complaint, except admits that Plaintiff seeks a trial by jury for all issues in this action, and denies Plaintiff's entitlement to such a trial as to the claims that relate to Plaintiff's alleged entitlement to any form of equitable relief.

### AS AND FOR AN ANSWER TO THE SECTION TITLED "THE PARTIES"

6. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint.

7. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint.

8. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint.

9. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint.

10. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint.

11. Defendant denies the truth of the allegations set forth in paragraph "11" of the Complaint.

12. Defendant denies the truth of the allegations set forth in paragraph "12" of the Complaint.

13. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint.

14. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint.

15. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint.

**AS AND FOR AN ANSWER TO THE SECTION TITLED "BACKGROUND"**

16. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Complaint.

17. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Complaint.

18. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Complaint.

**AS AND FOR AN ANSWER TO THE SECTION TITLED "DEFENDANT'S REFUSAL TO ACCOMMODATE MS. FAITAK DURING EXTENDED ELEVATOR REPAIRS"**

19. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Complaint.

20. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Complaint.

21. Defendant denies the truth of the allegations set forth in paragraph "21' of the Complaint.

22. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Complaint.

23. Defendant denies knowledge or information sufficient to form a belief as to the

truth of the allegations set forth in paragraph "23" of the Complaint.

24. Defendant denies the truth of the allegations set forth in paragraph "24' of the Complaint as it relates to it, and denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "24" of the Complaint as it relates to the other Defendants in this action.

25. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Complaint.

26. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Complaint.

27. Defendant denies the truth of the allegations set forth in paragraph "27' of the Complaint as it relates to it, and denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "27" of the Complaint as it relates to the other Defendants in this action.

28. Defendant denies the truth of the allegations contained in paragraph "28" of the Complaint.

29. Defendant denies the truth of the allegations contained in paragraph "29" of the Complaint.

30. Defendant denies the truth of the allegations contained in paragraph "30" of the Complaint.

31. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the Complaint.

32. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the Complaint.

33. Defendant denies the truth of the allegations contained in paragraph "33" of the Complaint.

34. Defendant denies the truth of the allegations contained in paragraph "34" of the Complaint.

35. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "35" of the Complaint.

36. Defendant denies the truth of the allegations contained in paragraph "36" of the Complaint, except admits the existence of a letter dated April 6, 2011 and defers to the Court for its import.

37. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "37" of the Complaint.

38. Defendant denies the truth of the allegations contained in paragraph "38" of the Complaint.

39. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "39" of the Complaint.

40. Defendant denies the truth of the allegations contained in paragraph "40" of the Complaint.

41. Defendant denies the truth of the allegations contained in paragraph "41" of the Complaint.

42. Defendant denies the truth of the allegations contained in paragraph "42" of the Complaint.

43. Defendant denies the truth of the allegations contained in paragraph "43" of the Complaint.

44. Defendant denies the truth of the allegations contained in paragraph "44" of the Complaint.

45. Defendant denies the truth of the allegations contained in paragraph "45" of the Complaint.

46. Defendant denies the truth of the allegations contained in paragraph "46" of the Complaint.

47. Defendant denies the truth of the allegations contained in paragraph "47" of the Complaint.

48. Defendant denies the truth of the allegations contained in paragraph "48" of the Complaint.

49. Defendant denies the truth of the allegations contained in paragraph "49" of the Complaint.

**AS AND FOR AN ANSWER TO THE SECTION TITLED:**
**"COUNT I**
**FEDERAL FAIR HOUSING ACT – DISCRIMINATION (42 U.S.C. § 3604)"**

50. Defendant repeats, reiterates, and realleges all preceding paragraphs above as though fully set forth herein.

51. Defendant denies the truth of the allegations contained in paragraph "51" of the Complaint.

52. Defendant denies the truth of the allegations contained in paragraph "52" of the Complaint.

53. Defendant denies the truth of the allegations contained in paragraph "53" of the Complaint.

54. Defendant denies the truth of the allegations contained in paragraph "54" of the

2629724.1

Complaint.

### AS AND FOR AN ANSWER TO THE SECTION TITLED
### "COUNT II
### FEDERAL FAIR HOUSING ACT – RETALIATION, HARASSMENT AND INTERFERENCE (42 U.S.C. § 3604)"

55.　Defendant repeats, reiterates, and realleges all preceding paragraphs above as though fully set forth herein.

56.　Defendant denies the truth of the allegations contained in paragraph "56" of the Complaint.

### AS AND FOR AN ANSWER TO THE SECTION TITLED
### "COUNT III
### NEW YORK STATE HUMAN RIGHTS LAW
### (NEW YORK EXECUTIVE LAW § 290 ET SEQ.)"

57.　Defendant repeats, reiterates, and realleges all paragraphs above as though fully set forth herein.

58.　Defendant denies the truth of the allegations contained in paragraph "58" of the Complaint.

59.　Defendant denies the truth of the allegations contained in paragraph "59" of the Complaint.

60.　Defendant denies the truth of the allegations contained in paragraph "60" of the Complaint.

61.　Defendant denies the truth of the allegations contained in paragraph "61" of the Complaint.

62.　Defendant denies the truth of the allegations contained in paragraph "62" of the Complaint.

63.　Defendant denies the truth of the allegations contained in paragraph "63" of the

Complaint.

## AS AND FOR AN ANSWER TO THE SECTION TITLED
## "COUNT IV
## NEW YORK CITY HUMAN RIGHTS LAW
## (NEW YORK CITY LAW ADMINISTRATIVE CODE § 8-107)"

64. Defendant repeats, reiterates, and realleges all preceding paragraphs above as though fully set forth herein.

65. Defendant denies the truth of the allegations contained in paragraph "65" of the Complaint.

66. Defendant denies the truth of the allegations contained in paragraph "66" of the Complaint.

67. Defendant denies the truth of the allegations contained in paragraph "67" of the Complaint.

68. Defendant denies the truth of the allegations contained in paragraph "68" of the Complaint.

69. Defendant denies the truth of the allegations contained in paragraph "69" of the Complaint.

70. Defendant denies the truth of the allegations contained in paragraph "70" of the Complaint.

## AS AND FOR AN ANSWER TO THE SECTION TITLED
## "COUNT V
## NEGLIGENCE – Douglaston and Avax"

71. Defendant repeats, reiterates, and realleges all preceeding paragraphs above as though fully set forth herein.

72. Defendant denies the truth of the allegations contained in paragraph "72" of the Complaint.

73. Defendant denies the truth of the allegations contained in paragraph "73" of the Complaint.

74. Defendant denies the truth of the allegations contained in paragraph "74" of the Complaint.

75. Defendant denies the truth of the allegations contained in paragraph "75" of the Complaint.

76. Defendant denies the truth of the allegations contained in paragraph "76" of the Complaint.

77. Defendant denies the truth of the allegations contained in paragraph "77" of the Complaint.

78. Defendant denies the truth of the allegations contained in paragraph "78" of the Complaint.

79. Defendant denies the truth of the allegations contained in paragraph "79" of the Complaint.

**AS AND FOR AN ANSWER TO THE SECTION TITLED
"COUNT VI
NEGLIGENCE – Metro and the Co-Op"**

80. Defendant repeats, reiterates, and realleges all paragraphs above as though fully set forth herein.

81. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "81" of the Complaint.

82. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "82" of the Complaint.

83. Defendant denies knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph "83" of the Complaint.

84. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "84" of the Complaint.

85. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "85" of the Complaint.

86. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "86" of the Complaint.

87. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "87" of the Complaint.

88. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "88" of the Complaint.

89. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "89" of the Complaint.

90. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "90" of the Complaint.

**AS AND FOR AN ANSWER TO THE SECTION TITLED
"COUNT VII
NEGLIGENCE *PER SE* – Metro and the Co-Op"**

91. Defendant repeats, reiterates, and realleges all preceding paragraphs above as though fully set forth herein.

92. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "92" of the Complaint.

93. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "93" of the Complaint, and respectfully refers all

questions of law to the Court.

94. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "94" of the Complaint, and respectfully refers all questions of law to the Court.

95. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "95" of the Complaint.

96. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "96" of the Complaint.

97. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "97" of the Complaint.

### AS AND FOR AN ANSWER TO THE SECTION TITLED "PRAYER FOR RELIEF"

98. Defendant denies the allegations contained in the wherefore paragraph of the prayer for relief and its subparagraphs (a) through (h) in the Complaint, states that these allegations consist of and are based on legal conclusions that need not be responded to, and denies that Plaintiff is entitled to any relief whatsoever.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

99. The Complaint, in whole and in part, fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

100. Subject to proof through discovery, the Complaint is barred, in whole or in part, by the applicable statute of limitations and/or filing periods.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

11

2629724.1

101. Defendant acted at all times on the basis of a good faith and reasonable belief that its actions were in compliance and conformity with all applicable state and federal laws and/or written administrative regulations, orders, rulings, or interpretations, and therefore Defendant's actions were not willful.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

102. Plaintiff's claims as alleged in the Complaint, are barred by the doctrines of unclean hands and/or laches.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

103. At all times material hereto, the actions of Defendant were justified under the circumstances and at all times material hereto Defendant acted in a manner that was proper, reasonable and lawful and in the exercise of good faith.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

104. That whatever damage, personal injury or injury to property the Plaintiff may have sustained, if any, at the times and places alleged in the Complaint herein was caused by the carelessness negligence, recklessness, assumption of risk and culpable conduct and want of care on the part of the Plaintiff; and if any carelessness, negligence, recklessness or culpable conduct upon the part of the answering Defendant caused or contributed to such injury and damages to the Plaintiff, such carelessness negligence, recklessness or culpable conduct bore only a slight proportion to the entire negligence and culpable conduct attributable to the Plaintiff in causing the circumstances and any damages sustained.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

105. Plaintiff's claims are barred to the extent that Plaintiff failed to timely and properly exhaust all necessary administrative, statutory and/or jurisdictional prerequisites for the

commencement of this action.

## AS AND FOR AN EIGHT AFFIRMATIVE DEFENSE

106. Plaintiff's Complaint fails to join all persons and/or entities necessary for the just adjudication of this action.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

107. If the Plaintiff sustained any damages as alleged in the Complaint, all of which is expressly denied, then such damages were caused by the culpable conduct, fault and/or negligence of other persons and/or entities over which the Defendant had no control, with no act or omission on the part of the Defendant contributing thereto.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

108. To the extent that the Plaintiff has sustained damages, the Plaintiff has failed to mitigate those damages.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

109. The Defendant had legitimate business reasons for taking any of the alleged discriminatory and or retaliatory acts complained of by the Plaintiff.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

110. The Plaintiff's claims for punitive damages must be dismissed because punitive damages are not available under the statutes referenced in the Complaint.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

111. The Defendant exercised reasonable care to prevent and correct promptly any of the actions or inactions about which the Plaintiff complains. The Plaintiff unreasonably failed to take advantage of the preventive and corrective opportunities provided by the Defendants to otherwise avoid harm.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

112. The claims must be dismissed because the Defendant did not coerce, intimidate, threaten, interfere, aid, abet, ratify, condone, encourage or acquiesce in any alleged discriminatory or retaliatory conduct.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

113. The demanded accommodation would have been and would be an undue hardship upon Defendant.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

114. Defendant has a defense based upon documentary evidence.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

115. Plaintiff was afforded all necessary reasonable accommodations.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE AND FIRST CROSS-CLAIM AS AGAINST DEFENDANT DOUGLASTON REALTY MANAGEMENT CORPORATION

116. Defendant repeats, reiterates, and realleges all preceeding paragraphs above as though fully set forth herein.

117. Defendant was and is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

118. Defendant Douglaston Realty Management Corporation ("Douglaston") was and is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

119. On or about December 16, 2011, Plaintiff commenced an action against defendants Avax Property Associates, LLC, Douglaston and Metro Management Development, Inc. ("Metro") alleging that defendants and each of them, violated various sections of the New

York State and City Human Rights Laws as well as the Fair Housing Act. Plaintiff further alleges that as a result of defendants' actions, she sustained and/or exacerbated various physical and psychological injuries.

120.   On or about March 8, 2012, promptly after receiving notice of the lawsuit commenced against it, Defendant notified Douglaston of the underlying action which triggered Douglaston's obligation to provide a defense and/or indemnification to Defendant pursuant to the terms of a certain management agreement dated September 7, 2007 ("Management Agreement") between the two parties.

121.   Despite the aforesaid notice to Douglaston, Douglaston willfully refused to defend or indemnify Defendant despite its contractual obligations to do so.

122.   Defendant respectfully requests that the court declare the rights and legal relationship of the parties involved herein.

123.   Defendant has no adequate remedy at law.

124.   Defendant has an identifiable interest in this judiciable controversy.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE
## AND SECOND CROSS-CLAIM AS AGAINST DEFENDANT DOUGLASTON

125.   Defendant repeats, reiterates, and realleges all preceding paragraphs above as though fully set forth herein.

126.   As a result of the foregoing, Douglaston breached the aforesaid Management Agreement by willfully refusing to defend and/or indemnify Defendant despite its contractual obligations to do so.

127.   Defendant fulfilled its obligations pursuant to the terms of the Management Agreement.

128.   By reason of the foregoing, Douglaston is indebted to Defendant for the amount

15

of money expended and to be expended to hire counsel for Defendant in the instant action and for indemnity in the event a judgment is obtained against Defendant, and for other money damages to be determined at the trial of this matter.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE
### AND THIRD CROSS-CLAIM AS AGAINST DEFENDANT DOUGLASTON

129.    Defendant repeats, reiterates, and realleges all preceding paragraphs above as though full set forth herein.

130.    Pursuant to the terms of the Management Agreement, Douglaston was required to maintain at its expense certain insurance coverage including commercial general liability coverage written on an occurrence basis and contractual liability coverage, all in favor of Defendant.

131.    Douglaston breached the terms of the Management Agreement by failing to secure, obtain, and maintain such insurance coverage.

132.    Defendant fulfilled its obligations pursuant to the terms of the Management Agreement.

133.    By reason of the foregoing, Douglaston is indebted to Defendant for the amount of money expended and to be expended to hire counsel for Defendant in the instant action and for indemnity in the event judgment is obtained against Defendant, and for other money damages to be determined at the trial of this matter.

### AS AND FOR TWENTY-FIRST AFFIRMATIVE DEFENSE
### AND FOURTH CROSS-CLAIM AGAINST ALL CO-DEFENDANTS

134.    Defendant repeats, reiterates, and realleges all preceding paragraphs above as though fully set forth herein.

135.    That if the Plaintiff was caused to sustain damages as a result of the act, omissions

or conditions set forth in the Complaint of the Plaintiff through any carelessness, recklessness, negligence, breach of contract, breach of warranty, breach of fiduciary duty, violation of federal or state law, or otherwise, other than by Plaintiff's own carelessness, recklessness, negligence, breach of contract, breach of warranty, breach of fiduciary duty, or otherwise, such damages were caused solely through the carelessness, recklessness, negligence, breach of contract, breach of warranty, breach of fiduciary duty, violation of federal or state law, or otherwise, of the co-defendants, Douglaston, 59-11 Queens Boulevard Owners, Inc, and Metro ("Co-defendants") and through no fault, neglect or culpable conduct of this Defendant, and if any judgment is recovered by Plaintiff against the Defendant, Defendant will be damaged thereby and the Co-defendants are jointly and severally responsible therefor, in whole or in part, to Defendant.

136. Therefore, if Defendant is found liable to Plaintiff, Defendant is entitled to judgment over and against Co-defendants for such amounts as Defendant may be held liable to Plaintiff.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE AND FIFTH CROSS-CLAIM AGAINST ALL CO-DEFENDANTS

137. Defendant repeats, reiterates, and realleges preceding paragraphs above as though fully set forth herein.

138. That if the Plaintiff was caused to sustain damages as set forth in Plaintiff's Complaint through any carelessness, recklessness, negligence, breach of contract, breach of warranty and/or breach of fiduciary duty or violation of federal or state law, or otherwise, other than Plaintiff's own carelessness, recklessness, negligence, breach of contract, breach of warranty and/or breach of fiduciary duty, or violation of federal or state law, or otherwise, such damages were sustained solely due to the primary acts of the carelessness, recklessness and/or negligence and/or negligent acts or omissions, breach of contract, breach of warranty and/or

17
2629724.1

breach of fiduciary duty, or violations of federal or state law, or otherwise, by the Co-defendants with any negligence of Defendant, if any, being secondary and derivative.

139. If Plaintiff should recover judgment against Defendant, then the Co-defendants are liable to indemnify Defendant in whole for the amount of any recovery obtained herein by the Plaintiff against Defendant.

**AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE
AND SIXTH CROSS-CLAIM AGAINST ALL CO-DEFENDANTS**

140. Defendant repeats, reiterates, and realleges all preceding paragraphs above as though fully set forth herein.

141. That if Plaintiff was caused to sustain damages as set forth in Plaintiff's Complaint, said damages were sustained solely due to the carelessness, recklessness and/or negligence, breach of contract, breach of warranty and/or breach of fiduciary duty, and/or unlawful conduct of the Co-defendants. If any judgment is recovered by Plaintiff against Defendant, Defendant demands judgment against the above named Co-defendants for contribution in the amount for which any damages recovered are attributable to the conduct of Co-defendants.

WHEREFORE, Defendant demands judgment as follows:

(a) on the first cross-claim, that the court decide and declare the Management Agreement between Defendant and Douglaston was in full force and effect on the dates complained of in Plaintiff's Complaint; that under the terms of said Management Agreement, Douglaston is obligated to defend and indemnify Defendant with respect to the instant action; that Defendant be awarded costs, legal fees and disbursements incurred to date as a result of being forced to defend this instant action itself;

(b) on the second cross-claim, money damages to be determined upon the trial of this

18

2629724.1

matter;

(c) on the third cross-claim, money damages to be determined upon the trial of this matter;

(d) on the fourth cross-claim, that if Defendant is found liable to Plaintiff, that Defendant have judgment over and against Co-defendants for any amount Defendant may be held liable to the Plaintiff;

(e) on the fifth cross-claim, that if Plaintiff shall recover judgment against Defendant, that the Co-defendants indemnify Defendant in whole for the amount of any recovery obtained herein by the Plaintiff against Defendant;

(f) on the sixth cross-claim, Defendant demands judgment against Co-defendants for contribution; and

(g) Defendant respectfully demands judgment dismissing the Complaint, and awarding Defendant costs and disbursements, attorneys' fees, and such other and further relief as the Court may deem just, proper and equitable.

Dated: East Meadow, New York
December 7, 2012

Amended: March 29, 2013

        CERTILMAN BALIN ADLER & HYMAN, LLP

        By: _____/s/_____
            James A. Rose, Esq.
            Sanjay V. Nair, Esq.
        Attorneys for Defendant
        Avax Property Associates, LLC
        90 Merrick Avenue, 9th Fl.
        East Meadow, NY 11554
        (516) 296-7000
        Fax: 516-296-7111
        jrose@certilmanbalin.com
        snair@certilmanbalin.com

2629724.1