**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THERESA FAITAK,                                     :
                                                    :
                     Plaintiff,                     :
                                                    :
            v.                                      :
                                                    :
AVAX PROPERTY ASSOCIATES, LLC,         :     Civil Action No: 11 CV 6115-NGG-CLP
                                                    :
DOUGLASTON REALTY                          :          **PROTECTIVE ORDER**
MANAGEMENT CORPORATION,               :
                                                    :
METRO MANAGEMENT                          :
DEVELOPMENT, INC.                           :
                                                    :
and                                                 :
                                                    :
59-11 QUEENS BOULEVARD OWNERS,     :
INC.                                                :
                                                    :
                     Defendants.                    :
                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

### 1.    PURPOSES AND LIMITATIONS

Discovery requests served in this Action may call for the production of confidential information within the meaning of Fed. R. Civ. P. 26(c), including Non-Public Healthcare Information (NPHI) protected by HIPAA, for which special protection from public disclosure and from use for any purpose other than prosecuting this Action is warranted.  Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Order") pursuant to Fed. R. Civ. P. 26(c) and Fed. R. Evid. 502(d).  The Parties acknowledge that this Order does not confer blanket protections on all discovery.

### 2.    DEFINITIONS

2.1.    Action: the action listed in the above caption.

2.2.     Party: any party to an Action, including all of its officers, directors, and employees.

2.3.     Non-Party: any entity that is not a named party to an Action.

2.4.     Confidential Material: healthcare records and/or psychological records and any discovery exchanged referencing or reflecting the physical or mental condition of plaintiff, including interrogatories and deposition testimony, that is protected by HIPAA.

2.5.     Counsel: attorneys, including In-House counsel, along with their paralegals, and other legal support personnel assisting with an Action, who are retained to represent or advise a Party in this Action.

2.6.     Expert and/or Consultant: a person with specialized knowledge or experience in a matter pertinent to this Action, along with his or her employees and support personnel, who has been retained by a Party or its Counsel, to serve as an expert witness or as a consultant in this Action, and who is not currently an employee of a Party and who, at the time of retention, is not anticipated to become an employee of a Party.   This definition includes a professional jury or trial consultant retained in connection with an Action.

2.7.     Professional Vendors: persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, or processing data in any form or medium) and their employees and subcontractors.

2.8.     Designated Essential Persons: persons who are either owners, high-level employees, personal administrative assistants of high-level employees, or insurers

2

of Receiving Parties who, by agreement between the Parties, may review Confidential Material due to their role as an essential decision maker for a party.

**3.      SCOPE**

The protections conferred by this Order cover not only Confidential Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel in settings that might reveal Confidential Material.   However, this Order shall not be construed to cause any Counsel to produce, return, and/or destroy their own attorney work product, or the work product of their co-counsel, created in anticipation of or in connection with this Action.

**4.      DURATION**

The confidentiality obligations imposed by this Order shall remain in effect until the Parties agree otherwise in writing or this Court orders otherwise.

**5.      ACCESS TO AND USE OF CONFIDENTIAL MATERIAL**

5.1.    Subject to any other written agreement among or between the Parties, Confidential Material may be used only in connection with the prosecution of, defense of, appeal of, attempted settlement of, or the enforcement of insurance rights with respect to, the Action.   Except as required by law, Confidential Material may not be used for any other purpose, including, without limitation, any business or commercial purpose, any purpose related to any other investigation or proceeding, or evaluation of other potential claims unrelated to the causes of actions at issue in the Action.   Confidential Material may be

disclosed only to the categories of persons and under the conditions described in this Order.  Following the termination of the Action, each Receiving Party must comply with the provisions of Section 8, below.

5.2.    Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

5.3.    <u>Access to Confidential Material Dated Earlier Than 2006</u>:

(1) Absent a ruling to the contrary by the Court or consent of the Parties, no Party other than the Plaintiff shall have access to Confidential Material dated earlier than 2006.  If a Party believes that it has good cause to demonstrate that Confidential Material dated prior than 2006 is relevant and necessary to the litigation of this Action, the Parties shall meet and confer regarding the request for access to the Confidential Material in question.  If the Parties cannot agree on access to the requested Confidential Material, the Parties seeking access to this Confidential Material shall submit letters to the Court, stating reasons why access to and/or use of the specific Confidential Material dated prior to 2006 should or should not be granted.

(2) Absent a ruling to the contrary by the Court or consent of the Parties, all Confidential Material Dated Earlier Than 2006 possessed by a Party other than the Plaintiff should be destroyed or returned to Plaintiff's Counsel. Confidential Material returned to Plaintiff's counsel shall be securely held by Plaintiff's counsel so that it may be re-produced in the event that the

4

Court orders its production upon good cause demonstrated by a Party. The Parties will not be required to pay any fees or charges associated with the keeping, retrieval or return of Confidential Material under the terms of Section 5.3(2).

5.4. <u>Disclosure of Confidential Material</u>: Unless otherwise ordered by the Court or permitted in writing by the Parties**, Confidential Material may be disclosed only to the following persons**:

(a)    the following Designated Essential Persons, as named below:

    (1)    For Defendant Avax Property Associates, LLC, Designated Essential Persons shall be:

        i.    John Petras

        ii.    Gregory Michelis

        iii.    Joni Walaski, Esq.

    (2)    For Defendant Douglaston Realty Management Corporation, Designated Essential Persons shall be:

        i.    John Petras

        ii.    Panos Papadoniou

        iii.    Representatives of Hiscox Insurance Company evaluating Plaintiff's claims or reviewing counsel's file

    (3)    For Defendant Metro Management Development Inc., Designated Essential Persons shall be:

        i.    Judy Rivera

        ii.    Representatives of Liberty International Underwriters evaluating the Plaintiff's claims or reviewing counsel's file

    (4)    For Defendant 59-11 Queens Boulevard Owners, Inc., Designated Essential Persons shall be:

       i.      Annette Breen

      ii.     Janice Kavanagh

    iii.     Brian O'Farrell

    iv.     Kamilla Sjodin

     v.     John Petras

    vi.     Representatives of Liberty International Underwriters evaluating the Plaintiff's claims or reviewing counsel's file.

(b)    Counsel;

(c)    Experts and/or Consultants retained by a Party or its Counsel to serve as an expert witness or as a consultant in the Action and who have signed the "Agreement To Be Bound By Protective Order" (Exhibit A), provided that any part of a report created by such expert or consultant incorporating Protected Material in whole or in part shall be designated appropriately by the Party responsible for its creation;

(d)    the Court and its personnel, subject to the requirements of Section 9, below;

(e)    mediators, or other third parties who are appointed by the Court or retained by the Parties for settlement purposes or resolution of discovery or other disputes and their necessary personnel and, in the case of persons retained by the Parties, who have signed the "Agreement To Be Bound by Protective Order" (Exhibit A);

(f)    court reporters and/or videographers, their staffs, and Professional Vendors to the extent that such disclosure is reasonably necessary for this Action;

(g)     the author, addressees, or recipients of the document, or any other natural person who reviewed or had access to such document during his or her employment as a result of the substantive nature of his or her employment position, or who is specifically identified in the document or its accompanying metadata;

(h)     deponents or witnesses in the Action, and their Counsel if other than a Parties' Counsel, to the extent that such disclosure is reasonably necessary for the Action and who have signed the "Agreement To Be Bound By Protective Order" (Exhibit A);

(i)     any other person agreed to by the Parties in writing; and

(j)     any other person to whom the Court compels disclosure of the Confidential Information or to whom disclosure is required by law, subject to the requirements of this Order.

5.5.    <u>Retention of Exhibit A</u>: Outside Counsel for the Party that obtains the signed "Agreement To Be Bound By Protective Order" (Exhibit A), as required above, shall retain them following the final termination of all of the Actions, including any appeals, and shall make them available to other Parties upon good cause shown.

5.6.    <u>Retention of Protected Material</u>: Unless otherwise agreed to by the producing Party in writing or ordered by the Court, Persons described in Sections 5.3 (c), (d), (e), (f), (h), and (i) who have been shown Confidential Material shall not retain copies thereof.

5.7. <u>Modifications to 5.4(a)</u>: A Party seeking to modify the Designated Essential Persons listed in Section 5.4(a) must give written notice to All Parties, stating the modification requested and the basis for requesting the modification. Any objection to the modification must be made in writing within seven (7) days of receiving notice. Absent objection, the Designated Essential Persons shall be modified accordingly. In the event of an objection, the Party seeking modification and the objecting Party shall meet and confer regarding the modification and submit any remaining disputes to the Court for resolution.

6.  **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Party learns that, by inadvertence or otherwise, it has disclosed Confidential Material to any person or in any circumstance not authorized under this Order, the Party must, as soon as practicable, but in any event, not longer than five (5) business days after discovery by Counsel of the disclosure, (a) notify all Parties in writing of the unauthorized disclosures, (b) make reasonable efforts to retrieve all copies of the Confidential Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Agreement To Be Bound by Protective Order" (Exhibit A).

7.  **FILING PROTECTED MATERIAL**

7.1. In the event that before trial in this Action, or in connection with any hearing in this Action or any matter relating to this Action, counsel for any Party determines to file or submit in writing to the Clerk of Court's office any Confidential Material, or any papers containing or making reference to the

substance of such material or information, the Party must give notice, in writing, to all Parties no later than ten (10) days prior to filing.

7.2.    Each Party is authorized hereunder to file a request that any Confidential Material and/or portions thereof be filed under seal in accordance with this Order and the Court's Individual Practices no later than five (5) days after receiving notice of a Party's determination to file or submit Confidential Material.

7.3.    If a Party objects to filing Confidential Material under seal, then the Parties shall meet and confer regarding the filing of the Confidential Material.  If the Parties are unable to agree regarding the filing of the Confidential Material under seal, then the Parties shall submit the dispute to the Court for consideration.  Until a ruling on a dispute is made, all disputed Confidential Material shall remain under seal if filed and/or submitted.

## 8.    FINAL DISPOSITION

8.1.    Except as provided by law or other regulatory authority or unless otherwise ordered or agreed in writing by the Parties, within sixty (60) calendar days after the final termination of all of the Actions, including any appeals, each Party, with the exception of the Plaintiff, shall undertake reasonable efforts to return to the Plaintiff all Confidential Material or, at the option of the Party possessing the Confidential Material, to destroy all Confidential Material.  In either case, each Party who has received Confidential Material from Plaintiff shall provide Plaintiff with a certification stating that it has taken reasonable efforts to destroy or return the Confidential documents, except for (1) such information or material that was

9

transmitted electronically and whose removal or destruction from a Party's electronic systems would violate applicable federal or state law, rule or regulation, or policies and procedures reasonably designed to ensure compliance with such law, rule or regulation; or (2) documents required for examination of the case by an insurer of a Party.

8.2.    If a Receiving Party takes the position that it cannot comply with the return or destruction provisions of this section within the 60-day destruction period, and that it must instead retain documents for a longer period of time pursuant to the exceptions in Section 8.1, then it must, in its certification, (i) state the reason(s) that it believes that it is required to retain those documents, and (ii) describe the documents it intends to retain.   Notwithstanding this provision, as to those materials designated as Confidential that constitute counsel's work product, and pleadings, motion papers, deposition transcripts, and exhibits thereto, legal memoranda, and correspondence that were served in this Action, or filed with this Court, counsel may retain such documents, even if such materials contain Confidential Material, if such counsel otherwise comply with this Order with respect to such retained material.   Any such archival copies that have been designated Confidential remain subject to this Order until the Producing Party agrees otherwise in writing or this Court orders otherwise.

8.3.    All Confidential Material returned to the Plaintiff will be held by the Plaintiff or Plaintiff's counsel for a period of seven (7) years after final disposition of the case.   In the event that a Party requires access to the Confidential Material for an audit or in defense of any matter related to the litigation, that Party may request to

Plaintiff, in writing, that Confidential Material be re-produced, specifying the specific Confidential required and the reason for its re-production.  Plaintiff will have thirty (30) days following this request to re-produce the Confidential Material to the requesting Party.  In the event that the request is made for a purpose other than an audit or in defense of any matter related to the litigation, Plaintiff will have thirty (30) days to either object to the request or to re-produce the Confidential Material to the requesting Party.  If an objection is made, the Parties shall meet and confer and the request shall be submitted to the Court for resolution.  The Parties will not be required to pay any fees or charges associated with the keeping, retrieval or return of Confidential Material under the terms of Section 8.3.

## 9.    A PARTY'S USE OF ITS OWN DOCUMENTS

Nothing in this Order shall be construed to limit in any way any Party's or any other person's use of its own documents.

## 10.    USE OF CONFIDENTIAL MATERIAL AT TRIAL

The undersigned agree to meet and confer concerning the use of any Confidential Material at hearings or at the trial of any Action not fewer than five (5) calendar days prior to any such hearing or trial.  Where a hearing or trial is scheduled on less than five (5) calendar days notice, the Parties agree to meet and confer as soon as practicable after receiving notice, but in any event, not fewer than 24 hours in advance of the hearing or trial.  The use of Confidential Material at hearings or at trial shall not cause such Confidential Material to lose its status as Confidential Material.

## 11.    ATTORNEY RENDERING ADVICE

Nothing in this Order will bar or otherwise restrict an attorney from rendering advice to his or her client with respect to this Action or from relying upon or generally referring to Confidential Material in rendering such advice; *provided*, *however*, that, in rendering such advice or in otherwise communicating with his or her client, the attorney shall not reveal or disclose the specific content of Confidential Material if such disclosure is not otherwise permitted under this Order.

## 12.    NOTICES

All notices required by this Order must be provided in writing to Counsel of record for each Party.  Any of the notice requirements herein may be waived in whole or in part, but only in writing signed by an attorney for the Party.

## 13.    AMENDMENT OF ORDER

Nothing herein shall preclude any Party from seeking to amend this Order in writing for good cause shown.

## 14.    MISCELLANEOUS

14.1.   <u>Right to Assert Other Objections</u>: By stipulating to the entry of this Order, no Producing Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Producing Party waives any right to object on any ground to the admissibility or use in evidence of any of the material covered by this Order.

14.2.   <u>Governing Law</u>: Except to the extent that federal law may be applicable, this Order is governed by, interpreted under, and construed and enforced in

accordance with the laws of the State of New York.  Any dispute between the parties regarding this Order shall be resolved by making an appropriate application to this Court in accordance with the Rules of the Court and other applicable rules.

**EXHIBIT A**

**Agreement to Be Bound by Protective Order**

I have been informed that on _____ __, 2013, the U.S. District Court for the Eastern District of New York entered a protective order in an action filed by Theresa Faitak against various defendants.  I have read the protective order, as amended, I agree to abide by the obligations of the protective order as they apply to me, and I voluntarily submit to the jurisdiction of the U.S. District Court for the Eastern District of New York for purposes of any proceeding related to the protected order, including my receipt or review of material defined by the protective order as "Confidential Material."


_____
(Signature)


_____
(Printed Name)


_____
(Title or Position)


_____
(Company)


Dated: _____

Dated:  April 15, 2013
        New York, NY

MAYER BROWN LLP

By: _____

Henninger S. Bullock
Charles S. Korschun
1675 Broadway
New York, NY 10019
212-506-2500
hbullock@mayerbrown.com
ckorschun@mayerbrown.com

*Attorneys for Plaintiff Theresa Faitak*

Dated: April   , 2013

CERTILMAN BALIN ADLER &
HYMAN, LLP

By: _____ 4/12/13

James A. Rose
Sanjay Nair
Financial Center at Mitchel Field
90 Merrick Avenue
East Meadow, NY 11554
516-296-7000
jrose@certilmanbalin.com
snair@certilmanbalin.com

*Attorneys for Defendant Avax Property
Associates, LLC*

16

Dated:  April 12, 2013

L'ABBATE, BALKAN, COLAVITA &
CONTINI, L.L.P.

By: _____

Marie Ann Hoenings
Nicole Feder
1001 Franklin Avenue
Garden City, NY 11530
516-294-8202
mhoenings@lbcclaw.com
nfeder@lbcclaw.com

*Attorneys for Defendant Douglaston
Realty Management Corporation*

17

Dated:  April /12/ 2013

WINGET, SPADAFORA &
SCHWARTZBERG, LLP

By:_____
Melissa L. Morais
Dianna D. McCarthy
45 Broadway
New York, NY 10006
212-221-6989
Morais.m@wssllp.com
Mccarthy.d@wssllp.com

*Attorneys for Defendants Metro
Management Development, Inc. and 59-
11 Queens Boulevard Owners, Inc.*

18

SO ORDERED.

Dated this _____ day of _____, 2013

_____
HON. CHERYL L. POLLAK
United States Magistrate Judge
Eastern District of New York