

Attorneys at Law
**L'Abbate, Balkan, Colavita & Contini, L.L.P.**
1001 Franklin Avenue, Garden City, New York 11530
T. 516.294.8844  F. 516.294.8202
www.lbcclaw.com

Marie Ann Hoenings
Partner
mhoenings@lbcclaw.com

Admitted in NY, NJ and FL

September 3, 2013

**VIA ECF**

Magistrate Judge Cheryl L. Pollak
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:   *Theresa Faitak v. Avax Property Associates, LLC, et al.*
            Index No.        : 11-cv-6115 (NGG)(CLP)
            LBC&C File No.  : 3020-96370

Dear Judge Pollak:

    We represent defendant Douglaston Realty Management Corp. in the above-referenced action.

    We submit this letter application in accordance with the court conference held on August 27, 2013, to request additional time to complete the depositions of Metro Management ["Metro"] and 59-11 Queens Blvd. ["the Cooperative"].

    Plaintiff served a Notice of Deposition pursuant to Fed.R.Civ.Pro. 30(b)(6) to take the deposition of Metro. Plaintiff also served a Notice of Deposition pursuant to Fed.R.Civ.Pro. 30(b)(6) to take the deposition of the Cooperative. Due to scheduling conflicts between the parties, the depositions had to be rescheduled and plaintiff served Revised Notices of Deposition pursuant to Fed.R.Civ.Pro. 30(b)(6) for both Metro and the Cooperative.

    Plaintiff ultimately conducted the deposition of Metro on August 14, 2013. Metro produced Judy Rivera as its witness. It should be noted that on August 9th (3 business days before the deposition) Metro and the Board produced 400 pages of documents, which should have been produced months ago. During the course of the deposition, counsel for the Defendants agreed that they would not depose Ms. Rivera on August 14, but that Ms. Rivera would be brought back on a subsequent date so that Defendants Avax and Douglaston could have an opportunity to question Ms.

Rivera. This agreement was placed on the record at the conclusion of Ms. Rivera's deposition. Plaintiff questioned Ms. Rivera for approximately 6 ½ hours, both in her capacity as a corporate representative and as a fact witness. However, it is our position that many areas of questioning were not addressed, such as the coordination of the elevator upgrade; the coordination of the façade work; the mismanagement of both of these projects and resulting delays; the construction errors in the elevator upgrade which will require the elevators be shut down again and impact responsibility for the need to accommodate Ms. Faitak at that time; the responsibilities of Metro and the Board for common areas, the obligations contractual and otherwise between the parties, tenants and residents for maintenance, upkeep and modification of common areas and areas inside the apartment. In addition, Ms. Rivera testified regarding Douglaston's legal obligations, which testimony needs to be clarified.

Cognizant of the agreement made between counsel and the fact that there are still many areas to be addressed, Douglaston respectfully requests an additional three hours to depose Ms. Rivera as a fact witness.

Plaintiff conducted the deposition of the Cooperative on August 19, 2013. The Cooperative produced Anette Breen, the Cooperative's President, as its 30(b)(6) witness. Early on during the deposition, Ms. Breen indicated that she needed to be back in Queens by 6 p.m. Plaintiff commenced the deposition and continued for approximately 5 hours. At the conclusion of Plaintiff's deposition, counsel for Avax and I asked if the same agreement that had been made in connection with the deposition of Metro (e.g.: that Ms. Rivera would be produced on a subsequent date so that Avax and Douglaston could conduct their deposition of her) would be implemented for the Cooperative. Counsel for the Cooperative indicated that it would not and Ms. Breen changed her schedule so she could stay later and the parties could complete the deposition.

Thereafter, Avax commenced its deposition, as Avax is the first-named defendant in the caption. Avax completed Ms. Breen's deposition sometime after 7:00 p.m. At that time, I advised counsel for the Cooperative that I had too much material to cover and that Douglaston was reserving its right to conduct the deposition of Ms. Breen at a later date. Counsel for the Cooperative objected and stated that Ms. Breen was present and had rescheduled her plans and that Douglaston would be waiving its deposition of Ms. Breen if Douglaston did not depose her at that time. As it was after 7 p.m. and the parties had already been present for 9 hours, I again objected to commencing Ms. Breen's deposition at that time. Plaintiff and Avax asked a few follow up questions of Ms. Breen and, thereafter, Douglaston again noted its objection to commencing its deposition of Ms. Breen at that time, to which the Cooperative again objected.

There are many areas that were not covered either by plaintiff or by Avax in the deposition of Ms. Breen. For example, there was no testimony regarding the use of Prestige Elevators to do the second elevator in the Building, after it was determined that Prestige failed to renovate the first elevator (the one that serviced plaintiff's apartment) in accordance with the contract and after it was determined that Prestige was not working the hours it indicated it would, resulting in the extensive delays in completing the elevator that serviced plaintiff's apartment; there was no testimony about



problems the Board had with Vertical Systems Analysis, Inc., the engineer/consultant for the elevator repairs, and whether the Board or Metro have commenced suit against the company because of the problems; there was no testimony about why Prestige was paid over and above the "supervision allowance" in their contract despite the delays and the fact that Prestige did not build the elevator in accordance with the proper specifications, there was no testimony as to why the Cooperative paid VSA more than the contract amount, there was no testimony regarding the Cooperative hiring Flag and Stone for the façade work and the breakdown between the two companies as to the particular façade work being performed or the problems with Stone and how this resulted in an extensive delay in completing the façade work or the commencement date of the façade work in light of the delay in commencing the elevator modernization, there was no testimony about the Board's discovery of plaintiff's possession of a washing machine in her apartment, there was almost no testimony about the garbage not being disposed of properly by plaintiff and/or plaintiff's daughter who resides with plaintiff. Further, while there was testimony that all the minutes from meetings of the Cooperative were produced in the course of discovery, Ms. Breen was asked about missing minutes from Board meetings and she stated that there had been a delay in getting some of the minutes because of Hurricane Sandy and because the Board's secretary had been pregnant and went out on maternity leave; however, there was an email advising John Petras, a Douglaston employee and member of the Cooperative's Board, that there had been no minutes because there had been no quorum. Ms. Breen was not questioned about the email as it pertains to the missing minutes. These are just some of the areas that were not covered by either plaintiff or Avax in their deposition of the cooperative. As such, Douglaston requests an additional three hours to conduct its deposition of Ms. Breen as a fact witness.

We thank the Court for its consideration.

Respectfully submitted,

MARIE ANN HOENINGS

MAH:dm/aml

cc: All Parties (Via ECF)

\\Lbccsql03\i\HISTORY\130826_0001\16564.19E

