

90 MERRICK AVENUE, 9TH FLOOR
EAST MEADOW, NY 11554
PHONE: 516.296.7000 • FAX: 516.296.7111
www.certilmanbalin.com

SANJAY V. NAIR
ASSOCIATE
DIRECT DIAL 516.296.7052
snair@certilmanbalin.com

September 3, 2013

**VIA ECF**
The Hon. Cheryl L. Pollak
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:  Faitak v. Avax Property Associates, LLC, et al.
          11-CV-06115 (PKC) (CLP)

Dear Magistrate Judge Pollak:

  This firm represents Defendant Avax Properties Associates, LLC ("Avax") in the above-referenced action. Defendant Avax writes to join with Co-Defendant Douglaston Realty Corporation's application, [D.E. 92], for (i) a continuing examination of Co-Defendant Metro Management Development, Inc. FRCP 30(b)(6) and fact witness Judy Rivera and (ii) for an Order, pursuant to FRCP 30(d)(1), permitting the examination of Ms. Rivera to continue beyond seven hours.

  As the Court is aware, this action concerns, *inter alia*, alleged discrimination and denial of a reasonable accommodation, as well as alleged negligence resulting in injury, to Plaintiff Theresa Faitak when the elevator Plaintiff uses for ingress and egress from her apartment unit's floor was shut down for renovation. Plaintiff is resident of a rental apartment unit owned by Defendant Avax and managed Co-Defendant Metro Management Development, Inc. This unit is located in a building owned by 59-11 Queens Boulevard Owners, Inc., and the building is managed by Metro Management Development, Inc. Defendant Avax asserted cross claims for contribution and indemnification against all Co-Defendants. Co-Defendants 59-11 Queens Boulevard Owners, Inc. and Metro Management Development, Inc. asserted cross-claims against Defendant Avax as well.

The Continuation of Ms. Rivera's Examination Is Necessary

  Ms. Rivera's deposition began August 14, 2013 at 10:04 AM, and was adjourned at 6:21 PM after Plaintiff's had completed her examination but before Defendants could begin their cross-examinations of Ms. Rivera. All parties, including counsel for Metro Management Development, Inc., agreed to a continuance of Ms. Rivera's cross-examinations. Counsel for Co-Defendant Douglaston Realty Corporation Marie Hoenings read the agreement into the record prior to the adjournment of that day's proceeding:



Page 254 of the Transcript Ms. Rivera's examination by Plaintiff:[1]
```
22 MR. KORSCHUN: No further questions.
23 THE WITNESS: Meeting adjourned?
24 MR. NAIR: I think defendant, the
25 codefendants have questions, but not now.
```
Page 254 of the Transcript Ms. Rivera's examination by Plaintiff:
```
 2 We have to adjourn this to a different date
 3 where we are all available again.
 4 MS. MORAIS: Should we go off the
 5 record in terms of --
 6 MR. NAIR: Yeah. Let's go off the
 7 record now. Let's just talk about it.
 8 THE VIDEOGRAPHER: The time is 6:21
 9 p.m. We are going off the record.
10 (Discussion off the record.)
11 MS. HOENINGS: The deposition is open
12 as to the other two defendants and the date
13 is to be rescheduled amongst counsel at a
14 convenient time. That's all.
```

Defendant Avax has no intention to belabor Ms. Rivera on topics sufficiently addressed in Plaintiff's examination of her; Defendant Avax does, however, have numerous, pertinent questions which are not duplicative of those asked by Plaintiff. For example, just some of the topics that must be questioned about by Defendant Avax include:

- Ms. Rivera has testified that "no one had at that point in time [prior to the commencement of the lawsuit] been able to determine what a reasonable accommodation might be" and that Ms. Rivera had attempted to "brainstorm" with a representative of the borough president's office what a reasonable accommodation might have been." Defendant Avax submits that further inquiry into this topic almost mentioned in passing Ms. Rivera is absolutely needed. [*See* Rivera Tr. 126: 25; 127: 2-25; 128: 2-9; 204: 24-25; 2-23.]
- Ms. Rivera testified that she became aware that Plaintiff Teresa Faitak was given the (apparently erroneous) impression by 59-11 Queens Boulevard Owners, Inc.'s hired elevator contractor that the contractor could help transport Plaintiff up and down the stair. [*See* Rivera Tr. 130: 16-25; 131: 2-25; 132: 2-25; 133: 2-25; 132: 2-25; 135: 2-12.]. Further inquiry into Ms. Rivera and Metro Management Development, Inc.'s actions in response to the representations of their contractor in this regard is warranted.
- Ms. Rivera's knowledge as to the delays (i) caused by 59-11 Queens Boulevard Owners, Inc.'s contractor which caused the elevator to remain shutdown longer than Metro Management Development, Inc. and 59-11 Queens Boulevard

---

[1] Attached hereto as Exhibit A, in order to minimize unnecessary bulk to this application, is a compressed copy of Ms. Rivera's August 14, 2013 examination by Plaintiff. Upon request Defendant Avax can provide a copy of the full transcript for the Court's perusal.

2717121.1



- Owners, Inc. originally anticipated, and (ii) the liquidated damages received in connection with the contractor's breach of the contract for renovation.
- Ms. Rivera's knowledge as to any accommodations that may be provided to Plaintiff if the elevator that Plaintiff uses is shut down for further renovation, given Co-Defendant 59-11 Queens Boulevard Owners, Inc.'s FRCP 30(b)(6) witness has testified that the elevator Plaintiff uses might once again be renovated due to errors with the prior renovation.
- Ms. Rivera's understanding as to who owns and controls the elevator shafts in the building.

These are but some of the topical areas in which Defendant Avax intends to question Ms. Rivera. Defendant Avax also notes that only *three days before the deposition of Ms. Rivera*, counsel for Defendant Co-Defendants 59-11 Queens Boulevard Owners, Inc. and Metro Management Development produced approximately four hundred pages of documents which should have been ostensibly produced months prior and which the undersigned did not have the benefit of thoroughly reviewing prior to Ms. Rivera's examination.

The Allowance of Additional Time to Examine Ms. Rivera Is Necessary

Rule 30(d)(1) of the Federal Rules of Civil Procedure sets forth that, "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours. The court *must allow additional time* consistent with Rule 26(b)(2) *if needed to fairly examine the deponent* or if the deponent, another person, or any other circumstance impedes or delays the examination." (emphasis added). Further, Rule 26(b)(2) states in pertinent part that "[b]y order, the court may alter the limits in these rules on the number of depositions and interrogatories or on the length of depositions under Rule 30."

Plaintiff deposed Ms. Rivera for approximately *6.6 hours*, not counting the restroom breaks or the lunch recess. In the interest of fairness, Defendant Avax seeks an allowance of additional time, beyond the default length of seven hours and in addition to Co-Defendant's Douglaston's requested time of three hours, to allow for its questions, particularly given the highly-contentious cross-claims between the Defendants. The usurping of nearly all the deposition time by Plaintiff, who indicated that she intended use the entirety of the seven hours as needed despite being aware that Defendant Avax and Douglaston intended to depose Ms. Rivera as well, [Tr. 111: 2-25; 112: 2-25; 113: 2-25; 114: 2-25 115: 2-25], are circumstances that warrant additional time granted by this Honorable Court, which has broad discretion to set the length of depositions appropriate to the circumstances of the case. *See Arista Records LLC v. Lime Group LLC*, 2008 U.S. Dist. LEXIS 31269, 1 (S.D.N.Y. Apr. 15, 2008) (*citing In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 103 (2d Cir. 2008)).

Defendant Avax Properties Associates, LLC thanks the Court for its time and consideration of this application.

3

2717121.1

CERTILMAN BALIN

                              Sincerely,

                              Certilman Balin Adler & Hyman, LLP

                              By:        /s/
                                       Sanjay V. Nair

Encl.

CC:    Charles S. Korschun, Esq. (*via ECF*)
        Henninger S. Bullock, Esq.
        Mayer Brown LLP
        *Attorneys for Plaintiff*

        Marian C. Rice, Esq. (*via ECF*)
        Marie Ann Hoenings, Esq.
        *Attorneys for Defendant*
        *Douglaston Realty Management Corporation*

        Dianna D. McCarthy, Esq. (*via ECF*)
        Melissa Luzio Morais, Esq.
        Winget, Spadafora & Schwartzberg, LLP
        *Attorneys for Defendant*
        *Metro Management Development, Inc. and*
        *59-11 Queens Boulevard Owners, Inc.*