

**L'Abbate, Balkan, Colavita & Contini, L.L.P.**
Attorneys at Law
1001 Franklin Avenue, Garden City, New York 11530
T. 516.294.8844  F. 516.294.8202
www.lbcclaw.com

Nicole Feder
Of Counsel
nfeder@lbcclaw.com

Direct Dial
(516) 837-7427

September 16, 2013

<u>VIA ECF</u>

Magistrate Judge Cheryl L. Pollak
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:   *Theresa Faitak v. Avax Property Associates, LLC, et al.*
           Index No.          : 11-cv-6115 (NGG)(CLP)
           LBC&C File No.  : 3020-96370

Dear Judge Pollak:

      We represent defendant Douglaston Realty Management Corp. ["Douglaston"] in the above-referenced action. We submit this letter in response to the objections raised by Metro Management ["Metro"] and 59-11 Queens Blvd. ["the Cooperative"] to allowing Douglaston to conduct a deposition of Metro and the Cooperative.

      At the outset, we must note that counsel for the Cooperative's representation that this is a "relatively uncomplicated" matter seems extremely disingenuous. In addition to the fact that plaintiff has extensive medical issues, which she claims were exacerbated by the defendants' failure to accommodate her, the defendants are also disputing their respective responsibility in causing plaintiff's injuries. Furthermore, the defendants' respective roles as an apartment Cooperative, its managing agent, the owner of plaintiff's apartment, and its managing agent, makes the parsing out of responsibilities more difficult than a run-of-the-mill personal injury action.

      We further note that under the Federal Rules, a deposition cannot exceed seven hours. Metro and the Cooperative produced witnesses as both a Fed.R.Civ.Pro. 30(b)(6) corporate witness and as a fact witness. We respectfully contend that Metro and the Cooperative's witnesses could thus be deposed for seven hours as a corporate witness and seven hours as a fact witness. *See*, <u>Sabre v. First Dominion Capital, L.L.C.</u>, 2001 WL 1590544 (S.D.N.Y. Dec. 12, 2001). Moreover, as explained in our letter motion and reiterated herein, we believe good cause exists to afford Douglaston an additional three hours to depose both Metro and the Cooperative as fact witnesses.

With respect to the request to depose Metro's witness, counsel for Metro has agreed to produce Judy Rivera again, but requests that Your Honor limit Douglaston and Avax to one hour each. Notably, counsel for Metro does not assert that any of the areas of testimony to be sought, which were outlined by Douglaston in its letter motion, are irrelevant or that they were covered by the plaintiff's counsel during plaintiff's deposition of Ms. Rivera. Since there are many relevant topics to be addressed, Douglaston reiterates its request to have three hours to depose Ms. Rivera.

As to Anette Breen, who was produced on behalf of the Cooperative, a copy of her deposition testimony is annexed for the court's review. Plaintiff's counsel completed his deposition at approximately 4:30, at which time the parties went off the record. At that time, counsel for Douglaston and Avax inquired of counsel for Metro/the Cooperative whether the agreement that the defendants made for Ms. Rivera (to wit: that she would be produced at a later date for the defendants to depose her) would be extended to Ms. Breen as well. Counsel for the Cooperative stated that she would not be producing Ms. Breen again. Ms. Breen had had a personal appointment at 6 p.m., which she was able to change so that the parties could endeavor to complete her deposition. Counsel for Avax and Douglaston had a further discussion off the record and agreed that Avax would depose Ms. Breen first because they were the first named defendant in the caption. I did state that I had a lot of material to cover with Ms. Breen, which is outlined in our letter motion seeking leave to take her deposition.

At approximately 7:00 p.m. Avax concluded its deposition. *See,* Tr. 292. Cognizant that I had at least three hours of questions for Ms. Breen as well as numerous documents to be marked (many of which had been produced by counsel for Metro/the Cooperative merely one week before Ms. Breen's deposition), I reserved Douglaston's right to depose Ms. Breen on another day. Counsel for the Cooperative objected.

Thereafter, counsel for plaintiff asked several follow up questions of Ms. Breen and counsel for Avax also followed with his questions. The follow-up questions concluded at 7:10, at which time I again reserved Douglaston's right to depose Ms. Breen. Counsel for the Cooperative again objected.

While we certainly appreciated Ms. Breen's rescheduling her appointment so that the parties could attempt to complete her deposition, commencing our questioning of her at 7:00 p.m. when there were several hours of testimony that could be elicited, did not seem reasonable. Had there been only a few questions to be asked of Ms. Breen, we would have been able to complete our deposition. However, that was simply not the case and we explained that to counsel for the Cooperative. Furthermore, and most notably, counsel for the Cooperative did not state in her opposition to our request to depose her that any of the areas outlined in our letter motion were already addressed by the



- 3 -

parties or that the topics to be covered were irrelevant. As such, we respectfully request an additional three hours to conduct Ms. Breen's deposition.

We thank the Court for its consideration.

Respectfully submitted,

L'ABBATE, BALKAN, COLAVITA
 & CONTINI, L.L.P.

Nicole Feder

NF:aml/dm
Enc.
cc:     All Parties (Via ECF)

\\Lbccsql03\i\HISTORY\130826_0001\16564.19E

