```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
THERESA FAITAK,

                        Plaintiff,                              MEMORANDUM
                                                                AND  O R D E R
        - against -
                                                                11 CV 6115 (NGG)
AVAX PROPERTY ASSOCIATES, LLC, et al.

                        Defendants.
-----------------------------------------------------------X
```

On December 16, 2011, plaintiff Theresa Faitak commenced this action against Avax Property Associates, LLC ("Avax"), Douglaston Realty Management Corporation ("Douglaston"), and Metro Management Development, Inc. ("Metro"), seeking damages and injunctive relief for alleged violations of the Fair Housing Act, 42 U.S.C. §§ 3601, et seq. ("FHA"), the New York State Human Rights Law, N.Y. Exec. L. §§ 290, et seq. ("NYSHRL"), and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101, et seq. ("NYCHRL"). On November 7, 2012, plaintiff filed an Amended Complaint, adding 59-11 Queens Boulevard Owners, Inc. (the "Co-Op") as a defendant to this action. (Amend. Compl.[1] ¶ 1). Defendants have filed numerous crossclaims against each other raising claims of contribution, indemnity, and joint and several liability.[2]

---

[1] Citations to "Amend Compl." refer to plaintiff's amended Complaint, filed on November 7, 2012.

[2] Avax has filed crossclaims against Douglaston, Metro, and the Co-Op. Douglaston has filed crossclaims against Metro and the Co-Op. Metro has filed crossclaims against Avax and Douglaston. The Co-Op has filed crossclaims against Avax and Douglaston.

1

Presently before the Court are Douglaston's and Avax's motions to conduct further depositions of Judy Rivera and Anette Breen. For the reasons stated below, the Court grants defendants' motions in part and denies them in part.

## BACKGROUND

A. <u>The Parties' Positions</u>

On September 3, 2013, Douglaston and Avax each filed motions, seeking additional time to conduct the depositions of Judy Rivera, a corporate representative and fact witness for Metro, and Anette Breen, President of the Co-Op. (Douglaston Mot.[3] at 2-3; Avax Mot.[4] at 3). Specifically, Douglaston requests three (3) additional hours to depose Ms. Rivera and three (3) additional hours to depose Ms. Breen. (Douglaston Mot. at 2-3). Avax also requests additional time to conduct Ms. Rivera's deposition, but does not specify how much time is needed. (Avax Mot. at 3). Plaintiff Faitak does not oppose defendants' requests. (Pl.'s 9/13/13 Ltr.[5]).

Metro and the Co-Op assert that these motions "should be denied and/or limited in time." (Metro & Co-Op Resp.[6] at 1). According to Metro and the Co-Op, Avax's motion is

---

[3]Citations to "Douglaston Mot." refer to Douglaston's Motion, filed September 3, 2013.

[4]Citations to "Avax Mot." refer to Avax's Motion, filed September 3, 2013.

[5]Citations to "Pl.'s 9/13/13 Ltr." refer to plaintiff Faitak's letter, filed September 13, 2013.

[6]Citations to "Metro & Co-Op Resp." refer to the joint letter on behalf of Metro and the Co-Op filed on September 13, 2013, responding to Douglaston's and Avax's motions.

2

"unnecessary and redundant" because Metro has already agreed to allow additional time for Douglaston and Avax to depose Ms. Rivera. (Id.) Metro and the Co-Op also assert that this case is "relatively uncomplicated" and therefore the Court should limit further deposition of Ms. Rivera to two (2) hours – one hour each for Douglaston and Avax. (Id. at 1-2). Finally, Metro and the Co-Op oppose Douglaston's motion to depose Ms. Breen for any additional amount of time, asserting that Douglaston waived its right to depose Ms. Breen by failing to do so when Ms. Breen was made available for questioning. (Id. at 2). They contend "that ample time was afforded to all parties [to depose Ms. Breen] and that every possible topic was covered at length." (Id.)

B. Procedural Background

Judy Rivera was deposed on August 14, 2013 and questioned by plaintiff for nearly six and a half (6.5) hours. (Douglaston Mot. at 2; Avax Mot. at 1). According to Douglaston and Avax, after plaintiff completed her questioning of Ms. Rivera, Metro agreed to produce Ms. Rivera at a later date at which time Douglaston and Avax could conduct their own questioning. (Douglaston Mot. at 1-2; Avax Mot. at 1; Rivera Tr.[7] at 225). At the conclusion of Ms. Rivera's testimony, counsel for Douglaston stated: "The deposition is open as to the other two defendants and the date is to be rescheduled amongst counsel at a convenient time." (Rivera Tr. at 225).

Douglaston and Avax also note that on August 9, 2013, three (3) business days before the deposition of Ms. Rivera was scheduled to take place, Metro and the Co-Op produced about 400 pages of documents that should have been produced months earlier. (Douglaston Mot. at 1;

---

[7]Citations to "Rivera Tr." refer to the Deposition Transcript of Judy Rivera who was deposed on August 14, 2013.

3

Avax Mot. at 3). Douglaston and Avax assert that additional time beyond the two hours offered is required in order to depose Ms. Rivera and adequately address issues that were not raised during plaintiff's questioning. (Douglaston Mot. at 2; Avax Mot. at 2-3).

Anette Breen was deposed on August 19, 2013 and questioned by plaintiff for about five (5) hours. (Douglaston Mot. at 2). Douglaston alleges that during the deposition, "Ms. Breen indicated that she needed to be back in Queens by 6 p.m." (Id.) Douglaston also alleges that at the conclusion of plaintiff's questioning, Avax and Douglaston inquired as to whether the Co-Op would produce Ms. Breen at a later date for further questioning. (Id.) According to Douglaston, the Co-Op said that no such arrangement would be made and informed the parties that Ms. Breen had changed her schedule so that the deposition could be completed. (Id.) Avax then commenced its questioning of Ms. Breen. (Id.) Douglaston indicates that Avax commenced its deposition first because it is the first named defendant. (Id.; Douglaston 9/16/13 Ltr[8] at 2).

Around 7:00 p.m., Avax concluded its questioning. By this time, the parties had been present at the deposition for about nine (9) hours. (Id.) Douglaston then informed the Co-Op that given the amount of material it had to cover, Douglaston was reserving its right to depose Ms. Breen at a later date. (Id.) Douglaston further alleges that counsel for the Co-Op objected, stating that Douglaston would waive its deposition of Ms. Breen if it did not depose her at that time. (Id.) Douglaston again objected to commencing the deposition of Ms. Breen at that late hour. (Id.) Plaintiff and Avax, however, proceeded to ask follow-up questions of Ms. Breen, and Douglaston again objected to commencing its deposition at that time. (Id.) Douglaston asserts

---

[8]Citations to "Douglaston 9/16/13 Ltr" refer to Douglaston's follow-up letter concerning its motion requesting additional time to depose witnesses, filed on September 16, 2013.

that additional time is required in order to depose Ms. Breen and address issues that were not raised during plaintiff's or Avax's questioning. (Douglaston Mot. at 2-3).

Although from a review of the parties' papers, the factual circumstances seem not to be in dispute, Metro and the Co-Op allege that "Douglaston's application misrepresents what transpired at Ms. Breen's deposition on August 19, 2013." (Metro & Co-Op Resp. at 2). According to Metro and the Co-Op, Ms. Breen had a previously scheduled commitment at 6 p.m. that she rescheduled. (See id.). Around 4:30 p.m., plaintiff completed her deposition of Ms. Breen and Douglaston was given the opportunity to depose her. (Id.; Douglaston 9/16/13 Ltr at 2). Metro and the Co-Op assert that Douglaston refused to depose Ms. Breen at that time despite Douglaston's knowledge that "Ms. Breen cannot take extensive time off from her work commitments" and that Ms. Breen had rescheduled her 6 p.m. appointment in order to remain available for questioning. (Metro & Co-Op Resp. at 2). According to Metro and the Co-Op, plaintiff and Avax asked follow-up questions and Douglaston continued to register its objections to commencing its deposition at that time. (Id.) Lastly, Metro and the Co-Op assert that because plaintiff and Avax had time to ask Ms. Breen follow-up questions and given that "Avax posed questions. . .wholly irrelevant to this matter," Douglaston's argument that it did not have adequate time to commence its deposition "is unpersuasive." (Id.)

## DISCUSSION

Under the Federal Rules of Civil Procedure, depositions are generally "limited to 1 day of 7 hours" unless the court orders or the parties stipulate otherwise. Fed. R. Civ. P. 30(d)(1). Furthermore, "[t]he court must allow additional time. . .if needed to fairly examine the deponent

5

or if the deponent, another person, or any other circumstance impedes or delays the examination." Id. Additionally, the Rules provide that "the court may alter the limits in these rules on the number of depositions and interrogatories or on the length of depositions under Rule 30." Fed. R. Civ. P. 26(b)(2)(A).

Based on a review of the papers submitted by the parties concerning the depositions of Judy Rivera and Anette Breen, the Court has determined that Douglaston and Avax should be given additional time to depose these witnesses. Specifically, Ms. Rivera shall be produced for questioning by both Douglaston and Avax for two (2.0) hours each and Ms. Breen shall be produced for questioning by Douglaston for two (2.0) hours. While plaintiff deposed Ms. Rivera and Ms. Breen for about six and a half (6.5) and five (5) hours respectively, given that plaintiff's interests are entirely distinct from those of Douglaston and Avax, it is appropriate that the defendants be given additional time to conduct questioning. Furthermore, Douglaston and Avax have provided the Court with lists of specific issues and subject areas that were not covered in the depositions of Ms. Rivera and Ms. Breen and about which they wish to question these witnesses. (Douglaston Mot. at 2-3; Avax Mot. at 2-3). Neither Metro nor the Co-Op has informed the Court that any areas of testimony sought by Douglaston or Avax are duplicative or irrelevant to the case. Finally, it appears that the production of approximately 400 pages of documents by Metro and the Co-Op three (3) business days prior to Ms. Rivera's deposition may have caused some hardship to Douglaston and Avax, further justifying the need for additional time to conduct the depositions. Metro and the Co-Op have not advised the Court as to the justification or rationale for the late production of these documents.

CONCLUSION

For the reasons stated herein, Metro is Ordered to produce Judy Rivera for questioning by both Douglaston and Avax for two (2.0) hours each. In addition, the Co-Op is Ordered to produce Anette Breen for questioning by Douglaston for two (2.0) hours. The parties are Ordered to schedule the depositions at times convenient for both the parties and witnesses. The depositions shall be completed on or before **November 1, 2013**.

**SO ORDERED.**
Dated: Brooklyn, New York
September 24, 2013

/s/ CHERYL POLLAK
_____
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York